UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ANTSY LABS, LLC, et al., :
:
                        Plaintiffs, :      21-CV-7809 (JMF)
:
      -v- :      <u>ORDER SCHEDULING</u>
:      <u>DEFAULT JUDGMENT</u>
THE INDIVIDUALS, CORPORATIONS, LIMITED :      <u>BRIEFING AND SHOW</u>
LIABILITY COMPANIES, PARTNERSHIPS, AND :      <u>CAUSE HEARING</u>
UNINCORPORATED ASSOCIATIONS IDENTIFIED :
ON SCHEDULE A TO THE COMPLAINT, :
:
                        Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On September 17, 2021, Plaintiffs filed their Complaint with the Court. *See* ECF No. 1. Defendants were served with the Complaint on September 30, 2021, and proof of service was filed with the Court. *See* ECF No. 17. To date, all 180 Defendants have neither answered the Complaint, nor otherwise appeared in this action. Plaintiffs have advised the Court by letter that they intend to move for entry of default judgment against all Defendants. *See* ECF No. 21.

      In light of the foregoing, it is hereby ORDERED that any motion for default judgment shall be filed, in accordance with the Court's Individual Rules and Practices for Civil Cases (available at https://nysd.uscourts.gov/hon-jesse-m-furman), no later than **November 12, 2021**. Defendants shall file any opposition to the motion for default judgment no later than **December 3, 2021**. Defendants are cautioned that a partnership, association, limited liability company, or corporation may appear in federal court only through licensed counsel, and where such an entity "repeatedly fails to appear by counsel, a default judgment may be entered against it." *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006) (internal quotation marks omitted); *see also Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007).

      If a motion for default judgment is filed, it is further ORDERED that each Defendant appear before this Court **via telephone** and show cause on **December 16, 2021**, at **4:00 p.m.**, why an order should not be issued granting a default judgment against that Defendant. Prior to that date, Plaintiffs must file the proposed default judgment order electronically, using the ECF Filing Event "Proposed Default Judgment," for the Clerk's approval.

      The parties shall appear **via telephone** in accordance with Rule 2(B) of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman, by calling the Court's dedicated conference line at (888) 363-4749 and using access code 542-1540, followed by the pound (#) key. Counsel should review and comply with the rules regarding teleconferences in the Court's Individual Rules and Practices in Civil Cases,

including Rule 2(B)(i), which requires the parties, **no later than 24 hours before the conference**, to send a joint email to the Court with a list of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.

In the event that any Defendant appears or opposes the motion for default judgment prior to that date, the parties shall prepare to treat that conference as the initial pretrial conference with respect to any such appearing Defendant. That is, if any Defendant appears, opposes the motion, or seeks a *nunc pro tunc* extension of time to respond to the complaint, then the parties — including any such appearing Defendant — shall, in accordance with Rule 2(D) of the Court's Individual Rules and Practices, file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **Thursday of the week prior to the initial pretrial conference**. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at https://www.nysd.uscourts.gov/hon-jesse-m-furman. Any open legal issues can be addressed at the conference.

The joint letter shall not exceed five (5) pages, and shall provide the following information in separate paragraphs:

(1) A brief statement of the nature of the action and the principal defenses thereto;

(2) A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000).

(3) A statement of all existing deadlines, due dates, and/or cut-off dates;

(4) A brief description of any outstanding motions;

(5) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(7) A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be

       appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and

(8)       Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

       It is further ORDERED that Plaintiffs shall serve Defendants with (1) a copy of this Order within **one business day of the date of this Order**; and (2) a copy of the motion for default judgment and all supporting papers within **one business day** of the date of any such motion.  **Such service shall be made consistent with the methods of service ordered by the Court in its September 23, 2021 Order.**  *See* **ECF No. 14, ¶ 5.**  In each case, within **two business days of service,** Plaintiffs must file proof of such service on the docket.

       SO ORDERED.

Dated: October 29, 2021  
       New York, New York

                                      JESSE M. FURMAN  
                                      United States District Judge